JEREMIAH AHERN

*v.*

JOHN LITTL et al.

[Submitted November 11th, 1918. Decided November 21st, 1918.]

1. Emblements are covered by a mortgage until severance, but belong to the mortgagor afterwards, unless pledged specifically and expressly.

2. The provisions of the mortgage under consideration did not give the mortgagee a lien in the crops after they were cut.

On motion for directions to receiver.

*Mr. Edmund A. Hayes,* for the mortgagee.

*Mr. George E. Pace,* for the mortgagor.

BACKES, V. C.

In this foreclosure suit of the first mortgage on a farm a receiver was appointed to take the growing crops of wheat and rye, and also grain then cut but not gathered. The farm was in the possession of the mortgagor and the crops were raised by him. The mortgaged premises have been sold and there is a large deficiency on the second mortgage. The holder of this mortgage now moves that the receiver be directed to deliver to him all of the crops or proceeds thereof when sold.

The rule is that the mortgagee is entitled to the standing crops, and the mortgagor to those severed, at the time the mortgagee, or the receiver in his stead, takes possession, or when possession is lawfully demanded by the mortgagee and refused. The mortgagor, until foreclosure or possession taken by the mortgagee, is entitled to the emblements, and, when they are severed, has an absolute right to them without any liability to account

for them. They are covered by the mortgage until severance, but belong to the mortgagor afterwards. *Jones Mort.* § 697.

The mortgagee, however, claims that his mortgage gives him a lien on the cut crops and for this he relies upon the usual set form, in print type, immediately following the description of the land, viz., "together with all and singular the profits, privileges and advantages, with the appurtenances to the same belonging, or in anywise appertaining."

To entitle a mortgagee to the emblements, after severance, or an accounting for their value, they must be pledged expressly and specifically. *Wilt. Mort. For.* § 806. Manifestly, the formula quoted does not import such an undertaking. In legal effect the terms add nothing to the mortgage security. They mean no more than the law implies in such instruments, that after default and upon entry, only, the growing crops pass with the land. Similar provisions in mortgages, and some more explicit, have frequently been the subject of judicial consideration. *Jones Mort.* § 771. Mr. Justice Harlan, speaking for the United States supreme court in *Freedman's Saving Co.* v. *Shepherd, 127 U. S. 494*, says of them: "It is, of course, competent for the parties to provide in the mortgage for the payment of rents and profits to the mortgagee, while the mortgagor remains in possession. But when the mortgage contains no such provision, and even where the income is expressly pledged as security for the mortgage debt, with the right in the mortgagee to take possession upon the failure of the mortgagor to perform the condition of the mortgage, the general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver (*Teal* v. *Walker, 111 U. S. 242; Grant* v. *Phœnix Life Insurance Co., 121 U. S. 105, 117*) ; or until, in proper form, he demands and is refused possession. *Dow* v. *Memphis Railroad Co., 124 U. S. 652, 654.* See, also, *Sage* v. *Memphis and Little Rock Railroad Co., 125 U. S. 361.*"

The receiver will be directed to deliver the harvest of the growing crop to the mortgagee, and of that which was cut when he took possession, to the mortgagor.